DECISION
{¶ 1} Relator, Darryl W. Hinton, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Jennifer L. Brunner, Judge of the Franklin County Court of Common Pleas, to credit him with 90-days jail time credit. In response, respondent filed a motion for summary judgment asserting that she had already properly credited relator with the appropriate amount of jail-time credit.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided respondent's motion for summary judgment should be granted. No objections have been filed to the magistrate's decision.
 {¶ 3} Upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own, as there is no error or defect of law on the face of the decision. The requested writ of mandamus is denied.
Writ of mandamus denied.
KLATT and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution
 APPENDIX A IN MANDAMUS ON MOTIONS FOR SUMMARY JUDGMENT {¶ 4} Relator, Darryl W. Hinton, has filed this original action requesting that this court issue a writ of mandamus ordering respondent, Honorable Jennifer L. Brunner, Judge of the Franklin County Court of Common Pleas, to credit him with 90 days of jail time credit. Respondent has filed a motion for summary judgment asserting that she has already properly credited relator with his jail time credit.
Findings of Fact:
 {¶ 5} 1. Relator is an inmate currently incarcerated at the Pickaway County Correctional Institution.
 {¶ 6} 2. In 1995, relator pled guilty to and was convicted of robbery and was sentenced to three to 15 years in case No. 94CR-5967. The sentence was ordered to run concurrently with his sentence in case No. 95CR-8. After approximately three years, relator was granted judicial release and was placed on post-relief control for a period of three years. However, on February 25, 2000, relator was arrested on the charges for which he is currently incarcerated in case Nos. 00CR-1345 and 00CR-1942. On February 28, 2000, an order to hold relator issued in case No. 94CR-5967 and on March 30, 2000, a request to revoke community control sanctions was filed in 95CR-8 based in part on relator's robbery indictment in case No. 00CR-1345. Ultimately, in case No. 95CR-8, a revocation entry was issued on June 6, 2000, and relator's probation was revoked. At that time, relator was credited with 1,156 days of jail time credit. (See Exhibit E, attached to respondent's motion for summary judgment.)
 {¶ 7} 3. On January 24, 2003, relator filed the instant mandamus action in this court.
 {¶ 8} 4. On March 3, 2003, respondent filed a motion to dismiss which this magistrate converted to a motion for summary judgment. Respondent attached to the motion copies of entries concerning all of relator's criminal actions for which he is currently incarcerated.
 {¶ 9} 5. On March 17, 2003, relator filed a motion for summary judgment simply asserting that he is entitled to the relief he requested.
 {¶ 10} 6. This matter is currently before this magistrate on the motions for summary judgment.
 Conclusions of Law: {¶ 11} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280. Accordingly, any moving party for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64.
 {¶ 12} Pursuant to Civ.R. 56(E), when a motion for summary judgment has been made and supported as provided for in the rule, the adverse party may not rest upon the mere allegations or denials in the pleadings, but the party must respond, by affidavit or as otherwise provided in the rule, setting forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be rendered against them.
 {¶ 13} In the present case, respondent has attached copies of the relevant documentation regarding relator's criminal convictions. Upon review of those documents, this magistrate agrees with respondent's assertion that the 90 days of jail time credit which relator is requesting have been included in the 1,156 days of jail time credit which respondent has already credited to relator. Inasmuch as all of the evidence indicates that respondent has already credited relator with the 90 days which he is currently seeking, and relator has not provided any evidence that the 90 days he is currently requesting are not included in the 1,156 days of jail time credit already determined, this magistrate finds that respondent has provided the relief which relator is requesting and, as such, relator is not entitled to a writ of mandamus.
 {¶ 14} Based on the foregoing, this magistrate finds that respondent has credited relator with the 90 days of jail time credit he is currently seeking and, as such, relator's request is moot, and respondent is entitled to judgment as a matter of law. As such, this court should deny relator's motion for summary judgment and should grant respondent's motion for summary judgment.